# Exhibit A

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Julie Duran</u>
Plaintiff                                                          Case # _____

                                                                   Judge _____

vs.

<u>Bragg Live Food Products, LLC</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

**III.     TYPE OF CASE**       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☒ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  2

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Alec H. Schultz        Fla. Bar # 35022
          Attorney or party                  (Bar # if attorney)

Alec H. Schultz             03/21/2023
    (type or print name)           Date

NOT AN OFFICIAL COPY – CCIS – SUBSCRIBER – CCIS

Filing # 169239896 E-Filed 03/21/2023 01:31:26 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: _____
DIVISION: _____

JULIE DURAN,

        Plaintiff,

    v.

BRAGG LIVE FOOD PRODUCTS, LLC, a
foreign limited liability company

        Defendant.

**CLASS REPRESENTATION**

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff Julie Duran brings this action against Bragg Live Food Products, LLC ("Bragg") and alleges as follows:

### **INTRODUCTION**

1.     Bragg manufactures, markets, and distributes a health product called Apple Cider Vinegar ("ACV"), and supplement pills called "ACV Supplement" and "True Energy ACV Supplement" (together, "Supplements"). According to Bragg, these products—and, in particular, the ACV ingredient—promote health benefits ranging from cellular energy production to heart health. In reality, however, Bragg's ACV provides no health benefits, and Bragg's Supplements are nothing more than watered-down vitamin and mineral pills with an inflated price tag attached, similarly providing no health benefits whatsoever beyond what a consumer could obtain by purchasing simple vitamin and mineral supplements.

2.     There is no scientific evidence linking the purported health benefits of Bragg's products to ACV. Rather, Bragg's ACV product does not offer any of its purported health benefits,

1

and any benefits from the Supplements are associated only with the added Vitamin B, Vitamin D3, and Zinc. But Bragg, which proclaims its ACV as the "original wellness elixir" and advertises its Supplements as "Easy as ACV," charges consumers many multiples the cost of more effective, yet less exotic, vitamin and mineral supplements.

3.      Because of Bragg's unfair and deceptive marketing, Plaintiff and thousands of consumers have been duped into buying Bragg's overpriced products for potential health benefits that either do not exist or that consumers could have obtained from other products on the market for a fraction of the cost. Plaintiff and consumers statewide are entitled to recover damages from Bragg for its deceptive and misleading tactics.

## PARTIES

4.      Plaintiff Julie Duran is an individual who is a resident and citizen of Florida. Plaintiff has made multiple purchases of Bragg's ACV products.

5.      Defendant Bragg is, upon information and belief, a Delaware limited liability company with its principal place of business in California. Bragg manufactures, markets, and sells its products directly to consumers nationwide, including in Florida, through brick-and-mortar retailers, its own website, and third-party websites.

## JURISDICTION AND VENUE

6.      Plaintiff brings her claims under Fla. Stat. § 501.211 and Florida common law.

7.      This Court has personal jurisdiction over Bragg because Bragg has purposefully established significant contacts with Florida through its continuous and pervasive marketing and distribution of Bragg products in the state, and Plaintiff's cause of action is related to Bragg's purposeful contacts with Florida. Additionally, Defendant's actions caused injury to Plaintiff in Florida. *See* Fla. Stat. § 48.193.

8.      Venue is proper in this Court because Bragg conducted business in this County, Plaintiff made purchases of Bragg's ACV products from this County, and Defendant is a foreign limited liability company.

9.      All conditions precedent to the bringing of this action have occurred, or Bragg has waived them.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.     Bragg was organized in 2019 but proudly traces its roots to Paul Bragg and his "wellness" business ventures of the early twentieth century,[1] an operation contemporaries decried as "quackery."[2]  He offered public "lectures" in which he denounced everyday consumer goods like table salt, selling his audiences a substitute called "Prof. Bragg's Live Sprinkle," "composed of vitamin vegetables" and "sodium chloride"—in other words, table salt with added vitamins.[3] Paul Bragg's marketing practices were so egregious that in 1930 the U.S. Postmaster General issued a fraud order against Paul Bragg and his business entities,[4] and in 1941 the Federal Trade Commission published a decision stating that Paul Bragg would cease and desist from representing that "Bragg's Grass Tablets" had "any dietary value other than as a supplemental source of Vitamin A."[5]  Today, Bragg carries on its founder's notorious tradition of unfair and deceptive marketing tactics.

11.     The Bragg family has sold liquid ACV for decades.  Bragg began marketing the ACV Supplement in 2021 and the True Energy ACV Supplement in 2022.  The Supplements are

---

[1] *Our Story*, BRAGG, https://www.bragg.com/pages/our-story (last visited March 21, 2023).
[2] Arthur J. Cramp, M.D., *Nostrums and Quackery and Pseudo-Medicine*, AMERICAN MEDICAL ASSOCIATION, 147 (1936).
[3] *Id.*
[4] *Id.*
[5] *Federal Trade Commission Decisions*, Vol. 33, FEDERAL TRADE COMMISSION, 1774–75 (1941).

sold in 90-count bottles that can be bought individually or in multi-bottle packs through Bragg's website and third-party retailers. Bragg's ACV products are some of the most prominent in a growing market that is nearing $1 billion.[6]

12.    On its website, Bragg explains how ACV is made: "First, the apples must be crushed and juiced. Then, bacteria and yeast convert the sugars in the juice to alcohol. This is called 'fermentation', and is the same process for making wine or beer. Lastly, a second fermentation occurs when the alcohol is converted into vinegar by 'acetobacter' bacteria which creates acetic acid."[7]

13.    The presence of ACV is also Bragg's key selling point in its Supplements. Bragg displays the title of its ACV Supplement on the front of its labels with large, bold text: "APPLE CIDER VINEGAR," but includes no mention of Vitamin D3 or Zinc.[8] Additionally, Bragg's ACV Supplement webpage displays a twenty-nine second video advertisement that nowhere mentions Vitamin D3 or Zinc. Rather, the video attributes cholesterol, blood sugar, immune system, and weight loss benefits entirely to the ACV.[9] Further, Bragg touts its ACV Supplement on Amazon, one of its major third-party retailers, by proffering that "[t]aking a daily dose of Bragg ACV offers

---

[6] *See* Lisa Bower, *Apple Cider Vinegar: Skyrocketing Growth & Demand for Organic Products*, CLEARCUT (May 28, 2021) https://clearcutanalytics.com/apple-cider-vinegar-skyrocketing-growth-demand-for-organic-products/; *Demand for Global Apple Cider Vinegar Market Size & Share Worth USD 1800 Million by 2028*, GlobeNewswire (May 4, 2022, 11:33 AM) https://www.globenewswire.com/news-release/2022/05/04/2435928/0/en/Demand-for-Global-Apple-Cider-Vinegar-Market-Size-Share-Worth-USD-1800-Million-by-2028-Exhibit-a-CAGR-of-8-5-Growth-Apple-Cider-Vinegar-Industry-Trends-Value-Analysis-Forecast-Repo.html#:~:text=As%20per%20the%20analysis%20shared,US%24%201800%20million%20by%202028.

[7] *Apple Cider Vinegar,* BRAGG, https://www.bragg.com/collections/apple-cider-vinegar/products/organic-apple-cider-vinegar?variant=39529423044704 (last visited March 21, 2023).

[8] *ACV Supplement,* BRAGG, https://www.bragg.com/collections/acv-supplement/products/acv-supplement?variant=39436569346144 (last visited March 21, 2023).

[9] *Id.*

many health benefits.  Our ACV supplement can help support a healthy immune system, aids in maintaining a healthy weight, acts as an appetite suppressant, and helps maintain healthy cholesterol levels."[10]  Similarly, Bragg's label for its True Energy ACV Supplement reads in large, bold text: "TRUE ENERGY APPLE CIDER VINEGAR," with "+ 6 B Vitamins" only in smaller, less prominent font.[11]  On third-party retailer Amazon's website, Bragg's "About this item" description for the True Energy ACV Supplement, while mentioning that the product includes B Vitamins, does not attribute any health benefits to them.[12]

14.     Bragg's Supplement bottles do not make clear the real ingredients at work: Vitamin D3 and Zinc in the ACV Supplement, and B Vitamins in the True Energy ACV Supplement.  In fact, a consumer picking a bottle of the ACV Supplement off the shelf would not know about the presence of Vitamin D3 and Zinc without studying the "Supplement Facts" on the back of the bottle:[13]

---

[10] *Bragg Apple Cider Vinegar Capsules*, AMAZON, https://www.amazon.com/Bragg-Apple-Cider-Vinegar-Capsules/dp/B08ZY8MSMV (last visited March 21, 2023).

[11] *True Energy ACV Supplement*, BRAGG, https://www.bragg.com/collections/acv-supplement/products/acv-true-energy-capsules?variant=39436570853472 (last visited March 21, 2023).

[12] *Bragg Apple Cider Vinegar True Energy Capsules*, AMAZON, https://www.amazon.com/Bragg-Apple-Vinegar-Energy-Capsules/dp/B09FV7NDP1?ref_=ast_sto_dp (last visited March 21, 2023).

[13] *ACV Supplement*, supra note 8.



Bragg's True Energy ACV Supplement label mentions "+ 6 B Vitamins" merely as a tag-a-long to the ACV.[14]



15.     Bragg's website implies that these vitamins and minerals play only a supporting role to the ACV in the Supplements.  Specifically, Bragg's description of the ACV Supplement states only that the Vitamin D and Zinc contribute "extra immune health benefits," attributing the other benefits of appetite and weight gain control and maintenance of healthy blood glucose and

---

[14] *True Energy ACV Supplement,* supra note 11.

cholesterol levels entirely to ACV.[15]   Additionally, Bragg implies that the ACV and B Vitamins in its True Energy ACV Supplement work in tandem to "support[] a steady flow of energy at the cellular level" and "deliver[] fuel to your cells powering them to be more efficient so you feel stronger and ready to take on your day."[16]  The Amazon "About this item" descriptions for Bragg's Supplements do not credit the B Vitamins, Vitamin D3, or Zinc with any health benefits.  The only acknowledgements of any "help[]" from these vitamins and minerals are buried near the bottom of the webpages.[17]  Even then, to a reasonable consumer, the clear takeaway from Bragg's marketing is that ACV plays the primary role in promoting the alleged health benefits of the Supplements.

16.     There is *no* reliable scientific evidence linking the use of ACV to any of the health benefits Bragg touts.  Rather, the purported health benefits are, in truth, either nonexistent or scientifically attributable to Vitamin B, Vitamin D3, and Zinc, all of which may be purchased elsewhere for a fraction of the price.  For example, a study has linked Vitamin B to cellular function and catabolic and anabolic enzymatic reactions.[18]  The study additionally stated that a "small sub-set of B vitamins . . . play the most obvious roles in homocysteine metabolism."[19]  Additionally, the National Institutes of Health states that Vitamin D plays several roles in the body, "including reduction of inflammation as well as modulation of such processes as cell growth, neuromuscular

---

[15] *ACV Supplement,* supra note 8.

[16] *True Energy ACV Supplement,* supra note 11.

[17] *Bragg Apple Cider Vinegar Capsules,* supra note 10; *Bragg Apple Cider Vinegar True Energy Capsules,* supra note 11.

[18] David O. Kennedy, *B Vitamins and the Brain: Mechanisms, Dose and Efficacy – A Review,* NAT'L LIBRARY OF MED. (Jan. 28, 2016), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4772032/#:~:text=The%20B%2Dvitamins%20comprise%20a,catabolic%20and%20anabolic%20enzymatic%20reactions.

[19] *Id.*

and immune function, and glucose metabolism."[20]  Further, Zinc "is an essential micronutrient for human metabolism that catalyzes more than 100 enzymes, facilitates protein folding, and helps regulate gene expression."[21]  Bragg offers no studies to support its position that the acetic acid in its ACV "has been clinically proven to help in many ways – it helps to reduce the absorption of carbohydrates, causes our bodies to burn more fat as fuel and helps provide a feeling of fullness, which aids with weight control and maintaining healthy cholesterol levels," [22] as indeed none exists.  Bragg admits as much, burying in an asterisk at the bottom of its webpage—and partially hidden behind a pop-up message—that its ACV health benefit "statements have not been evaluated by the Food and Drug Administration."[23]  Bragg's ACV product offers no health benefits at all.  As such, Bragg's consumers are entitled to recover the full cost of the liquid Bragg ACV they were deceived into purchasing.

17.     Additionally, Bragg does not explain in its online advertisements or labels that simple—and cheap—vitamins and minerals do the work for its Supplements.  Instead, through false and misleading statements, Bragg uses the concocted health benefits of ACV to hoodwink customers into paying grossly inflated prices.  A 90-count bottle of Bragg's ACV Supplement costs $19.99 on Amazon.  This amounts to about 22 cents per pill, each of which contains 10 micrograms of Vitamin D3 and less than 4.4 milligrams of Zinc.  By comparison, a consumer can purchase a 250-count bottle of NutriBiotic Vitamin C + Vitamin D3 & Zinc supplement for

---

[20] Office of Dietary Supplements, *Vitamin D Fact Sheet for Professionals*, NATIONAL INSTITUTES OF HEALTH, https://ods.od.nih.gov/factsheets/VitaminD-HealthProfessional/.
[21] Robert B. Saper and Rebecca Rash, *Zinc: An Essential Micronutrient*, 79 AM. FAM. PHYSICIAN 768 (2009), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2820120/.
[22] *See Bragg Apple Cider Vinegar Capsules*, supra note 10; *Bragg Apple Cider Vinegar True Energy Capsules*, supra note 12.
[23] *ACV Supplement*, supra note 8.

$21.40.[24]  In stark contrast to Bragg's ACV Supplement, NutriBiotic's supplement costs about 9 cents per pill, each of which contains 62.5 micrograms of Vitamin D3 and 20 milligrams of Zinc. This means that Bragg consumers pay more than double the amount for less than a quarter of the vitamins and minerals.  Put differently, Bragg charges more than eight times the amount a competitor does for a Vitamin D3 and Zinc supplement, a price mark-up attributable only to ACV.

18.     Likewise, a 90-count bottle of Bragg's True Energy Supplement costs $19.99 on Amazon, equivalent to 22 cents per pill.  Each of these pills contains 66.7 micrograms of Vitamin B12.  By comparison, a consumer can purchase a 240-count bottle of Nutricost Vitamin B Complex supplement for $22.46, equivalent to about 9 cents per pill.[25]  In an even more shocking contrast, each of Nutricost's capsules contains 1,000 micrograms of Vitamin B12.  In other words, for a third of the cost, consumers get 15 times the Vitamin B12.  That's a 45,000% mark-up for Bragg's ACV.

19.     In other words, because of Bragg's deceptive marketing, consumers of Bragg's Supplements are effectively paying between eight and forty-five times as much for inferior vitamin

---

[24] *NutriBiotic Vitamin C + Vitamin D3 & Zinc,* AMAZON, https://www.amazon.com/NutriBiotic-Comprehensive-Essential-Antioxidant-Supplement/dp/B08PQCCDPJ/ref=sr_1_1_sspa?crid=3MFUL8JIEF6EV&keywords=vitamin+d 3+and+zinc&qid=1678306446&sprefix=vitamin+d3+and+%2Caps%2C128&sr=8-1-spons&psc=1&smid=A2X0POKZA3SX&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEzVFBP WVQwSzZES1pDJmVuY3J5cHRlZElkPUEwOTg2NTY1M1U1TjE5TERWN1lHRyZlbmNye XB0ZWRBZElkPUEwNjUwNjIxMzg0Q0pVMldaMFpFUiZ3aWRnZXROYW1lPXNwX2F0Zi ZhY3Rpb249Y2xpY2tpZGVudGlmaWNhdGlvbiZkb05vdExvZ0NsaWNrPXRydWU= (last visited March 21, 2023).

[25] *Nutricost High Potency Vitamin B Complex,* AMAZON, https://www.amazon.com/Nutricost-Potency-Vitamin-Complex-Capsules/dp/B077JC1GCN/ref=sr_1_4_sspa?crid=8IB2QNQW9QQJ&keywords=vitamin+b+co mplex&qid=1678307882&sprefix=vitamin+b+complex%2Caps%2C110&sr=8-4-spons&psc=1&smid=A2YD2H3KGK1F4L&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUE5VU 84RTZWSUdRVk0mZW5jcnlwdGVkSWQ9QTAzMDY0ODYyQkFIOUo0QIVHVzgyJmVuY3 J5cHRlZEFkSWQ9QTA5MDEwOTMzM1lSNTFYTE5XMlAxJndpZGdldE5hbWU9c3BfYXR mJmFjdGlvbj1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ== (last visited March 21, 2023).

and mineral supplements, while receiving no cognizable health benefits from the ACV itself. Reasonable consumers should not have to parse medical journals to assess whether a company is deceiving them. As such, Bragg's consumers are entitled to recover the difference in cost between Bragg's Supplements and analogous vitamin and mineral supplements.

20.    Plaintiff has been a regular purchaser of Bragg's ACV products since 2020 and incorporates them as part of her daily health and wellness routine. In purchasing these products, Plaintiff relied on the representations made by Bragg regarding the health and wellness benefits associated therewith.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this lawsuit as a class action pursuant to Fla. R. Civ. P. 1.220.

22.    Plaintiff seeks certification of the following class: all Florida residents who, at any time between March 20, 2019, to the present, purchased any of Bragg's ACV or ACV Supplements from Bragg or from an authorized Bragg retailer (the "Class").

23.    Plaintiff reserves the right to amend the Class definition and/or add sub-class definitions as discovery proceeds and to conform to the evidence.

24.    Excluded from the Class are Bragg; any entity in which Bragg has a controlling interest or which has a controlling interest in Bragg; Bragg's legal representatives, assignees, and successors; and the judge assigned to this case and any members of the judge's staff or immediate family.

25.    On information and belief, there are thousands of consumers who have purchased Bragg's ACV or ACV Supplements directly from Bragg or through an authorized Bragg retailer within the State of Florida. The members of the Class are so numerous that joinder of all members

is impracticable. Further, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

26.     There are numerous questions of law and fact common to Plaintiff and the Class. These questions include, but are not limited to:

      a.   Whether Bragg systematically engaged in an unfair and deceptive marketing scheme regarding its ACV and ACV Supplements;

      b.   Whether Bragg's unfair and deceptive marketing scheme was likely to deceive consumers acting reasonably under the circumstances;

      c.   Whether Bragg knowingly accepted a benefit from Plaintiff and the Class;

      d.   Whether Bragg knew that it accepted a benefit from Plaintiff and the Class that bore no relationship to the purported health benefits of ACV;

      e.   Whether it would be unjust under the circumstances for Bragg to retain the benefit of the revenue it received from Plaintiff and the Class; and

      f.   Whether any of Bragg's conduct caused injury to Plaintiff and the Class.

27.     Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Bragg and are based on the same legal and remedial theories under Florida law.

28.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who have significant experience in complex and class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or conflicting with those of the proposed Class.

29.     Plaintiff's cause of action against Bragg may be maintained as a class action under Fla. R. Civ. P. 1.220(b)(1) because the prosecution of separate claims by individual Class members would be dispositive of the interests of other Class members who are not parties to the adjudication and would create a risk of inconsistent or varying adjudications for Class members, which would establish incompatible standards of conduct for Bragg.

30.     Alternatively, Plaintiff's cause of action against Bragg may be maintained as a class action under Fla. R. Civ. P. 1.220(b)(3). Bragg engaged in a common course of unfair, deceptive, and misleading acts targeted at Plaintiff and the Class that predominate over any individual issues. Absent a class action, the Class members will likely find the cost of litigation prohibitive. Further, most Class members are unaware that Bragg's conduct is illegal and that they have been financially victimized. Class treatment is therefore superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.

## COUNT I

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

31.     Plaintiff re-alleges paragraphs 1–30 as if fully set forth herein and further alleges the following.

32.     Count I is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiff brings Count I individually and for the Class defined above.

33.     At all material times, Plaintiff and all of the Class were consumers within the meaning of Fla. Stat. § 501.203 and are entitled to relief under FDUTPA in accordance with Fla. Stat. § 501.211.

34.     At all material times, Bragg conducted trade and commerce within the meaning of Fla. Stat. § 501.203.

35.     Bragg has engaged in unlawful schemes and courses of conduct through one or more of the unfair and deceptive acts and practices alleged above, which were likely to deceive a consumer acting reasonably in the same circumstances.

36.     The misrepresentations and deceptions, and concealment and omissions of material facts alleged in the preceding paragraphs, occurred in connection with Bragg's trade and commerce in Florida.

37.     Bragg's unfair and deceptive acts and practices violate Fla. Stat. § 501.204.

38.     Bragg's FDUTPA violations aggrieved Plaintiff, allowing her to seek declaratory relief on behalf of the Class under Fla. Stat. § 501.211(1).

39.     Further, Plaintiff and the Class have suffered losses because of Bragg's unfair and deceptive acts, and thus Plaintiff seeks actual damages pursuant to Fla. Stat. § 501.211(2), on behalf of herself and the Class, in an amount to be proven at trial.

40.     Plaintiff also seeks on behalf of herself and the Class, her reasonable attorneys' fees and costs pursuant to Fla. Stat. § 501.2105.

## COUNT II

## UNJUST ENRICHMENT

41.     Plaintiff re-alleges paragraphs 1–30 as if fully set forth herein and further alleges the following.

42.     Count II is an unjust enrichment claim brought under Florida law. Plaintiff brings Count II individually and for the Class.

43.     Plaintiff and the Class conferred a direct benefit on Bragg by purchasing its ACV and ACV Supplements at inflated prices.

44.     Bragg voluntarily accepted and retained the benefit that Plaintiff and the Class conferred on it, with full knowledge that its acceptance and retention of those benefits bore virtually no relationship to Bragg's advertisement of the purported benefits of ACV versus standard vitamin and mineral supplements.

45.     Under the circumstances of Bragg's deceptive, unfair, and fraudulent acts described above, it would be inequitable to allow Bragg to retain this benefit.

## PRAYER FOR RELIEF

Plaintiff and the Class respectfully request the following relief:

    a. Certification of the Class;

    b. A monetary judgment against Bragg for actual damages suffered by Plaintiff and the Class;

    c. An injunction pursuant to FDUTPA prohibiting Bragg from continuing its deceptive marketing;

    d. The costs of this action, including reasonable attorney's fees and pre-judgment and post-judgment interest as provided by law; and

    e. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Date: March 21, 2023

Respectfully submitted,

_s/ Alec H. Schultz_
Alec H. Schultz (Fla. Bar. 35022)
Carly A. Kligler (Fla. Bar. 83980)
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
Email: aschultz@hilgersgraben.com
Email: ckligler@hilgersgraben.com

*Counsel for Plaintiff and the Proposed Class*

15

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 20
SafetySeal(101761)



TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**          **1 OF 1**

**SHIP TO:**
JON HOLLISTER
8058955964
BRAGG LIVE FOOD PRODUCTS, LLC
111 W MICHELTORENA ST STE 300B
**SANTA BARBARA CA 93101**



**CA 931 0-20**

**UPS NEXT DAY AIR**                    **1**
TRACKING #: 1Z X21 278 01 1658 2854

BILLING: P/P

Reference No.1: SOP/2401130/543557216/CT SOP Custo

XOL 23.03.35          NV45 14.0A 04/2023*

2013979        27          Origin: Wolters Kluwer UPS 562130

# CT Packing Slip

CT Corporation

**UPS Tracking #:** 1ZX212780116582854
**Created By:** BATCH BATCH
**Created On:** 04/04/2023 03:29 PM
**Recipient:**

**Jon Hollister**

Title: --
Customer: BRAGG LIVE FOOD PRODUCTS, LLC
Address: 111 W MICHELTORENA ST STE 300B
Email: jhollister@bragg.com
Phone: -8058965964      Fax: -

**Package Type:** Envelope
**Items shipped:** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 543557216 | CACE23007474 | Bragg Live Food Products, LLC |

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  **CACE23007474**

JUDGE:  **Bidwill, Martin J. (05)**

**Julie Duran**

Plaintiff(s),

vs.

**Bragg Live Food Products, LLC**

Defendant(s).

_____/

UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom    16175 or Zoom: https://17thflcourts.zoom.us/j/232523414    on    09-18-2023 8:45 AM    .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL
BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   03-29-2023  .

CACE23007474 03-29-2023 11:32 AM

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability, you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
Alec H. Schultz, Email : aschultz@hilgersgraben.com
Alec H. Schultz, Email : Riggins@hilgersgraben.com
Alec H. Schultz, Email : paralegals@hilgersgraben.com

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/04/2023
CT Log Number 543557216

## Service of Process Transmittal Summary

**TO:**     Jon Hollister
BRAGG LIVE FOOD PRODUCTS, LLC
111 W MICHELTORENA ST STE 300B
SANTA BARBARA, CA 93101-8810

**RE:**     **Process Served in Delaware**

**FOR:**    Bragg Live Food Products, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JULIE DURAN // To: Bragg Live Food Products, LLC |
| **CASE #:** | CACE23007474 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/04/2023 at 10:59 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116582854 |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company |
| | 1209 Orange Street |
| | Wilmington, DE 19801 |
| | 877-467-3525 |
| | SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Apr 4, 2023
**Server Name:** Kevin Dunn

| Entity Served | BRAGG LIVE FOOD PRODUCTS, LLC |
|---|---|
| Case Number | 23-007474 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



Filing # 169910054 E-Filed 03/29/2023 01:25:53 PM

CACE-23-007474

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

   CASE NO: CACE-23-007474
   DIVISION: 05

JULIE DURAN,

         Plaintiff,

    v.

BRAGG LIVE FOOD PRODUCTS, LLC, a
foreign limited liability company

        Defendant.

**CLASS REPRESENTATION**

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the complaint or
petition in this action on defendant:

BRAGG LIVE FOOD PRODUCTS, LLC
A foreign limited liability company
Registered Agent:
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

1

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/29/2023 01:25:51 PM.****

The Defendant is required to serve written defenses to the complaint or petition on Alec H. Schultz, HILGERS GRABEN, PLLC, Plaintiff's attorney, whose address is 1221 Brickell Avenue, Suite 900, Miami, Florida 33131, Telephone: 305-630-8304, within twenty (20) days after service of this summons the defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint of petition.

DATED on _____ APR 04 2023 _____

By:_____

BRENDA D. FORMAN

Clerk of the Court

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE23007474
DIVISION: (05)

JULIE DURAN,

       Plaintiff,

vs.

BRAGG LIVE FOOD PRODUCTS, LLC,

       Defendant.

_____/

## AGREED MOTION FOR EXTENSION OF TIME TO
## RESPOND TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant, BRAGG LIVE FOOD PRODUCTS, LLC ("Defendant"), by and through its undersigned counsel, files this Agreed Motion for an Extension of Time up to and including May 24, 2023, in which to serve its response to the Complaint and Jury Demand ("Complaint") served by Plaintiff, JULIE DURAN ("Plaintiff") and states as follows:

1.    Defendant was served on April 4, 2023 with Plaintiff's Complaint filed March 21, 2023.

2.    Defendant's response to the Complaint is currently due on April 24, 2023.

3.    The undersigned counsel was recently retained and are in need of an extension of time to investigate the allegations in the Complaint, confer with the Defendant regarding an appropriate response, and prepare a response.

4.    Undersigned counsel contacted counsel for Plaintiff, and counsel for Plaintiffs agreed to the extension and to the entry of the Agreed Order granting same.

5.    This motion for an extension of time is made in good faith and not for the purpose of delay.

**WHEREFORE,** Defendant, BRAGG LIVE FOOD PRODUCTS, LLC respectfully requests that it be granted an extension up to and including May 24, 2023 to serve a response to Plaintiff's Complaint.

Dated:   April 19, 2023

GREENBERG TRAURIG P.A.
777 South Flagler Drive - Suite 300 East
West Palm Beach, FL 33401
Telephone:    (561) 650-7900
Facsimile:    (561) 655-6222

By:  */s/ Mark F. Bideau*
Mark F. Bideau, Esq.
Florida Bar No. 564044
bideaum@gtlaw.com
thomasd@gtlaw.com
FLService @gtlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served this 19th day of April, 2023 via electronic means through the Florida Court's e-filing portal to:  Alec H. Schultz, Esquire, HILGERS GRABEN, PLLC, 1221 Brickell Avenue, Suite 900, Miami, FL 33131, aschultz@hilgersgraben.com; ckligler@hilgersgraben.com.

*/s/ Mark F. Bideau*
Mark F. Bideau

Filing # 171570332 E-Filed 04/21/2023 07:17:48 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>**CACE23007474**</u>   DIVISION: <u>**05**</u>   JUDGE: <u>**Bidwill, Martin J. (05)**</u>

**Julie Duran**

Plaintiff(s) / Petitioner(s)

v.

**Bragg Live Food Products, LLC**

Defendant(s) / Respondent(s)

_____ /

<u>**AGREED ORDER ON AGREED MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S COMPLAINT AND JURY DEMAND**</u>

THIS MATTER came before the Court upon Defendant, BRAGG LIVE FOOD PRODUCTS,
LLC'S ("Defendant") Agreed Motion for Extension of Time to serve its response to the Complaint and
Jury Demand ("Complaint") served by Plaintiff, JULIE DURAN, and the Court having reviewed the
Motion, and being advised that the Plaintiff agrees to entry of this Order, it is hereby:

ORDERED AND ADJUDGED that Defendant's Agreed Motion for Extension of Time to
Respond to Plaintiff's Complaint is hereby GRANTED. Defendant shall serve its response to Plaintiff's
Complaint on or before May 24, 2023.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>21st day of April, 2023</u>.

<u>CACE23007474 04-21-2023 1:03 PM</u>
Hon. Martin Bidwill
**CIRCUIT COURT JUDGE**
Electronically Signed by Martin Bidwill

**Copies Furnished To:**
Alec H. Schultz , E-mail : aschultz@hilgersgraben.com
Alec H. Schultz , E-mail : Riggins@hilgersgraben.com
Alec H. Schultz , E-mail : paralegals@hilgersgraben.com
Mark F Bideau , E-mail : FLService@gtlaw.com
Mark F Bideau , E-mail : thomasd@gtlaw.com
Mark F Bideau , E-mail : bideaum@gtlaw.com
Matthew A. Richard , E-mail : Matthew.Richard@gtlaw.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA


JULIE DURAN,

        Plaintiff,

    v.

BRAGG LIVE FOOD PRODUCTS, LLC, a
foreign limited liability company

        Defendant.

CASE NO: CACE-23-007474
DIVISION: 05

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Under Rules 1.280 and 1.350 of the Florida Rules of Civil Procedure, Plaintiff Julie Duran hereby requests that Defendant Bragg Live Food Products, LLC ("Bragg") produce each of the documents and things requested below on or within thirty days at the offices of Hilgers Graben PLLC, at 1221 Brickell Avenue, Suite 900, Miami, FL, 33131.

## DEFINITIONS

A.  The terms "you" and "your" refer to Bragg and its representatives, employees, agents, advisors, and any other person or entity subject to Bragg's control.

B.  The term "including" shall be construed to mean "including but not limited to."

C.  The phrase "relating to" shall be construed to mean "relating to and/or referring to.

D.  "And" and "or" shall be construed both disjunctively and conjunctively to bring within the scope of these Requests all responses that might otherwise be construed outside the scope.

E.  "Communication" means any oral, written, or electronic transmission of information (in the form of facts, ideas, inquiries, or otherwise, whether direct or indirect) including, without

1

limitation, meetings, discussions, conversations, telephone calls, e-mail messages, instant messages, SMS messages, text messages, memoranda, letters, messages, notes, recorded voice mails, or other media of any kind.

F.   "Document" means documents or electronically stored information, including but not limited to writings, letters, e-mails and all other attachments (whether sent or received by a business or personal account), communications of any kind, text or SMS messages, notes, drawings, graphs, charts, photographs, sound recordings, voice mail messages, images, PDF documents, word processing documents, electronic spreadsheets, presentations, electronic images of any kind, audio files, database material, source code, meeting invitations, attendee lists, and other data or data compilations. The term "Document" includes the original document (or a copy in the event the original is not available), as well as all copies that differ in any respect from the original, including those that have notations, underlining, or other markings.

G.   "Lawsuit" means the case captioned *Julie Duran v. Bragg Live Food Products, LLC*, Case No. CACE-23-007474, currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

H.   "Bragg" or "Defendant" means Bragg Live Food Products, LLC.

I.   "ACV" means the Bragg Apple Cider Vinegar product designed, marketed, and distributed by Bragg.

J.   "ACV Supplements" means, collectively, the Bragg ACV Supplement and the Bragg True Energy ACV Supplement designed, marketed, and distributed by Bragg.

K.   "Consumer" has the meaning set forth in Fla. Stat. § 501.203(7).

## **INSTRUCTIONS**

1.   If Bragg has a good faith objection to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the Request shall be

stated. If there is an objection to any part of a Request, then the part objected to shall be identified and documents responsive to the remaining unobjectionable part of the Request shall be produced.

2.   Each Request shall be answered on the basis of Bragg's entire knowledge, from all sources, after an appropriate good faith inquiry has been made and a search has been conducted.

3.   If Bragg withholds any document on a claim of attorney-client privilege, work product protection, immunity, or any other privilege or immunity, Bragg shall provide a detailed privilege log that describes the nature and basis for Bragg's claim and the subject matter, date, recipients, and author of the document withheld in a manner sufficient to disclose facts upon which Bragg relies in asserting Bragg's claim, and to permit identification of the grounds and reasons for the document's withholding. When any privilege or immunity is claimed, Bragg must also indicate whether any such document exists.

4.   If Bragg withholds a portion of any document responsive to these Requests under a claim of privilege or immunity pursuant to Instruction 3, Bragg shall produce any non-privileged portion of such document.

5.   For any document requested herein that has been destroyed, transferred, or lost, Bragg shall identify the document and provide a brief explanation of the circumstances (*e.g.*, when, how, by whom, and why) surrounding the document's destruction, transfer, or loss, and any and all records pertaining to its destruction, transfer, or loss.

6.   If Bragg or its attorneys know of the existence, past or present, of any document or thing called for in a Request, but such document or thing is not presently in Bragg's possession, custody, or control or in the possession, custody, or control of its agents, representatives, or attorneys, Bragg shall so state in response to the Request, identify such document or thing in response to the

Request, and identify the individual in whose possession, custody, or control the document or thing was last known to reside.

7.   Documents and things must be produced as they are maintained in the normal course of business and:

> a.   all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file;
>
> b.   all documents that cannot be legibly copied shall be produced in their original form, otherwise, Bragg may produce photocopies; and
>
> c.   each page shall be given a discrete production number.

8.   Documents shall be produced in accordance with the specifications in the attached Exhibit A.

9.   Unless otherwise stated, the applicable time period for these requests is October 2018 to the present.

## **REQUESTS**

**REQUEST NO. 1:** All documents you relied upon or identified in preparation for your answers to Plaintiff's First Set of Interrogatories to Defendant.

**REQUEST NO. 2:** All documents or other material reviewed, considered, or relied upon by any expert you have consulted or retained to testify in connection with this Lawsuit.

**REQUEST NO. 3:** The curriculum vitae or resume of any expert you have consulted or retained to testify in connection with this Lawsuit.

**REQUEST NO. 4:** All documents relating to research, studies, clinical trials, or scholarly articles concerning the purported health benefits of ACV and ACV Supplements.

**REQUEST NO. 5:** All documents relating to the marketing or advertising in the State of Florida of the purported health benefits of ACV and ACV Supplements.

**REQUEST NO. 6:** All documents relating to research, studies, surveys, or other analyses about consumer preferences, demands, or trends concerning ACV, ACV Supplements, or other products containing apple cider vinegar.

**REQUEST NO. 7:** All documents relating to investigations or inquiries by any governmental authority concerning ACV, ACV Supplements, or the use of apple cider vinegar in Bragg products.

**REQUEST NO. 8:** All documents relating to investigations or inquiries by any consumer protection or watchdog organization concerning ACV, ACV Supplements, or the use of apple cider vinegar in Bragg products.

**REQUEST NO. 9:** Documents sufficient to show the volume and dollar amount of sales of ACV and ACV Supplements in the State of Florida, including direct sales, sales through electronic distributors, sales through brick-and-mortar retailers, or sales through any other source, on a quarterly and annual basis.

**REQUEST NO. 10:** Documents sufficient to show profit margins for ACV and ACV Supplements sold in the State of Florida, on a quarterly and annual basis.

**REQUEST NO. 11:** All documents relating to comparisons or other analyses of the purported health benefits of the Bragg ACV Supplement and other health supplement products containing Vitamin D3 and/or Zinc.

**REQUEST NO. 12:** All documents relating to comparisons or other analyses of the purported health benefits of Bragg True Energy ACV Supplement and other health supplement products containing Vitamin B12.

**REQUEST NO. 13:** All documents relating to comparisons or other analyses of the pricing and profit margins of the Bragg ACV Supplement and other health supplement products containing Vitamin D3 and/or Zinc.

**REQUEST NO. 14:** All documents relating to comparisons or other analyses of the pricing and profit margins of the Bragg True Energy ACV Supplement and other health supplement products containing Vitamin B12.

**REQUEST NO. 15:** All documents relating to analyses of the purported health benefits of ACV.

**REQUEST NO. 16:** All documents relating to comparisons or other analyses of the pricing and profit margins of ACV and other health supplement products containing apple cider vinegar.

**REQUEST NO. 17:** All documents relating to the design and content of labels and other packaging material used for ACV and ACV Supplements.

**REQUEST NO. 18:** Documents sufficient to identify all individual consumers who have purchased ACV or ACV Supplements in the State of Florida, including the name and any contact information available for those consumers.

**REQUEST NO. 19:** All documents relating to your claim that "[t]aking a daily dose of Bragg ACV offers many health benefits. Our ACV supplement can help support a healthy immune system, aids in maintaining a healthy weight, acts as an appetite suppressant,and [sic] helps maintain healthy cholesterol levels," as asserted on the Amazon page offering the Bragg ACV Supplement for sale in the State of Florida.

**REQUEST NO. 20:** All documents relating to your claim that ACV "has been shown to elicit several beneficial health effects," that it "[h]elps control appetite and manage weight gain," "[h]elp[s] maintain healthy blood sugar levels," and that it "[h]elp[s] maintain healthy cholesterol levels," as Bragg advertises on its website offering the ACV for sale in the State of Florida.

6

**<u>REQUEST NO. 21</u>:** Documents sufficient to show the terms of any insurance policies you have that may provide coverage for this Lawsuit.

**<u>REQUEST NO. 22</u>:** All documents produced in response to requests by any plaintiff or claimant in any other individual, class action, or arbitration regarding ACV or ACV Supplements.

**<u>REQUEST NO. 23</u>:** All documents relevant to the affirmative defenses you have asserted in this Lawsuit.

**<u>REQUEST NO. 24</u>:** All non-privileged communications regarding this Lawsuit, including any communications internal to Bragg or with any third-party.

Date: April 24, 2023                              Respectfully submitted,

                                                  *s/ Alec H. Schultz*
                                                  Alec H. Schultz
                                                  Carly A. Kligler
                                                  HILGERS GRABEN PLLC
                                                  1221 Brickell Avenue, Suite 900
                                                  Miami, Florida 33131
                                                  Telephone:  305.630.8304
                                                  Email:  aschultz@hilgersgraben.com

                                                  *Counsel for Plaintiff and the Proposed*
                                                  *Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 24, 2023, true and correct copies of Plaintiff

Julie Duran's First Set of Requests for Production to Defendant Bragg Live Food Products, LLC,

were served via U.S. Postal Service on counsel for Defendant as follows:

> Mark Bideau
> Greenberg Traurig, LLP
> 777 S. Flagler Drive
> Suite 300 East
> West Palm Beach, FL 33401

*s/ Alec H. Schultz*
Alec H. Schultz

## EXHIBIT A

1. **IMAGES:**
   - Produce documents in Single Page Group IV TIFF files.
   - Image Resolution at least 300 DPI.
   - Black and White unless color is necessary to understand the meaning of document.  Color documents should be produced as JPEG images.
   - Produce documents containing tracked changes in **color.** Hidden content, tracked changes or edits, comments, and other similar information viewable within the native file shall also be imaged so that such content is viewable.
   - PowerPoint or presentation files shall be produced as **color** images with speaker notes visible.  Conversely, parties may produce presentation files in slide view if the corresponding native is produced with the images.
   - File Naming Convention: Match Bates Number
   - Insert "Produced in Native Format" slip-sheet image for files produced in Native form.


2. **SPECIAL FILE TYPE INSTRUCTIONS:**
   - Produce MS Excel, spreadsheets, or CSV file types in native format (if redactions are required, Excel files will be produced in TIFF form or with native redactions)
   - When documents of file types such as audio files, DWG files, AutoCAD files, Access databases, Microsoft Project files, Log files, and the like cannot be converted to image files or cannot be converted without undue burden and/or expense, such documents may be produced in native format with placeholders.

3. **FULL TEXT EXTRACTION / OCR:**
   - Produce full extracted text for all ESI file types where redactions are not present.
   - Produce OCR text for redacted documents.
   - Production format: Single text file for each document, not one text file per page.
   - File Naming Convention: Match Beg Bates number.

4. **LOAD FILE SPECIFICATIONS:**
   - **Images Load File**: Opticon (OPT) file.
   - **Metadata Load File**: Concordance DAT file with field header information added as the first line of the file. Export using Concordance default delimiters.
   - **Extracted TEXT (section 3):** Reference file path to TEXT file in DAT file.
   - **Native Files Produced:** Reference file path to native file in DAT file.

1

5.  **ESI PRODUCTION METADATA FIELDS:**
    - **BegBates**: Beginning Bates number.
    - **EndBates**: Ending Bates number.
    - **BegAttach**: Beginning Bates number of the first document in an attachment range.
    - **EndAttach**: Ending Bates number of the last document in attachment range.
    - **AllCustodians**: Name of the custodian or source in possession of the document. If data was de-duped, list all custodians that had access to the record.
    - **FileName**: Original ESI file name.
    - **FileExtension**: Extension of original ESI file.
    - **FileSize**: Size of native file document/email in KB.
    - **NativeLink**: Path to produced native file (see section 2).
    - **EmailSubject**: Subject line extracted from an email message.
    - **Title**: Title extracted from the metadata of a non-email document.
    - **Author**: Author extracted from the metadata of a non-email document.
    - **From**: From field extracted from an email message.
    - **To**: To or Recipient field extracted from an email message.
    - **CC**: CC or Carbon Copy field extracted from an email message.
    - **BCC**: BCC or Blind Carbon Copy field extracted from an email message.
    - **DateRcvd**: Received date of an email message (mm/dd/yyyy format).
    - **TimeRcvd**: Received time of an email message.
    - **DateSent**: Sent date of an email message (mm/dd/yyyy format).
    - **TimeSent**: Sent time of an email message.
    - **MSGID**: Unique message ID generated by email application.
    - **DateCreated**: Date a file was created (mm/dd/yyyy format).
    - **DateModified**: Date the file was last modified (mm/dd/yyyy format).
    - **NativeFilePath:** Path where native file or email document was stored including original file name.
    - **Fingerprint**: MD5 or SHA-1 hash value generated by processing tool used for identification of exact duplicate documents.
    - **DocumentType**: Native or application type of ESI document, for example "Word Document" or "Excel Spreadsheet."
    - **HiddenContent**: Indicates presence of hidden properties within ESI document.  E.g., Hidden Text, Speaker Notes, Tracked Changes, Hidden Comments etc.
    - **ExtractedText**: File path to Extracted Text/OCR File.
    - **Confidentiality**: Indicates confidential designation under the Protective Order, if applicable.
    - **TimeZone**: Time zone applied at processing ESI documents.

6.  **PAPER DOCUMENTS METADATA FIELDS:**
    - **BegBates**: Beginning Bates Number

- **EndBates**: Ending Bates Number
- **BegAttach**: Beginning Bates number of the first document in an attachment range.
- **EndAttach**: Ending Bates number of the last document in attachment range.
- **Custodian**: Name of the custodian or source of document.
- **Multiple Records:** When scanning paper documents, the Parties shall undertake reasonable efforts to ensure that distinct documents are not merged into a single record, and single documents are not split into multiple records (i.e., the Parties shall attempt to logically unitize scanned hard copy documents).

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JULIE DURAN,

              Plaintiff,

    v.

BRAGG LIVE FOOD PRODUCTS, LLC, a
foreign limited liability company

              Defendant.

CASE NO: CACE-23-007474
DIVISION: 05

## NOTICE OF SERVICE OF PLAINTIFF JULIE DURAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT BRAGG LIVE FOOD PRODUCTS, LLC

Plaintiff Julie Duran hereby gives notice, pursuant to Fla. R. Civ. P. 1.340(e), that Plaintiff's First Set of Interrogatories to Defendant Bragg Live Food Products, LLC, was served on April 24, 2023, by U.S. mail upon Mark Bideau, Greenberg Traurig, LLP, at 777 S. Flagler Drive, Suite 300 East, West Palm Beach, FL 33401.

Date: April 24, 2023.

Respectfully submitted,

*s/ Alec H. Schultz*
Alec H. Schultz
Carly A. Kligler
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
Email: aschultz@hilgersgraben.com

*Counsel for Plaintiff and the Proposed Class*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the clerk of the Court using the Florida courts e-Filing Portal on April 24, 2023, which will send a notice of electronic filing to all registered to receive such notifications.

<u>*s/ Alec H. Schultz*</u>
Alec H. Schultz

2

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JULIE DURAN,

               Plaintiff,

     v.

BRAGG LIVE FOOD PRODUCTS, LLC, a
foreign limited liability company

               Defendant.

CASE NO: CACE-23-007474
DIVISION: 05

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Under Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, Plaintiff Julie Duran hereby requests that Defendant Bragg Live Food Products, LLC ("Bragg") answer the following interrogatories in accordance with those rules and the following Definitions and Instructions.

## DEFINITIONS

A. The terms "you" and "your" refer to Bragg and its representatives, employees, agents, advisors, and any other person or entity subject to Bragg's control.

B. The term "including" shall be construed to mean "including but not limited to."

C. The phrase "relating to" shall be construed to mean "relating to and/or referring to."

D. "And" and "or" shall be construed both disjunctively and conjunctively to bring within the scope of these Requests all responses that might otherwise be construed outside the scope.

E. "Communication" means any oral, written, or electronic transmission of information (in the form of facts, ideas, inquiries, or otherwise, whether direct or indirect) including, without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, instant

1

messages, SMS messages, text messages, memoranda, letters, messages, notes, recorded voice mails, or other media of any kind.

F.   "Document" means documents or electronically stored information, including but not limited to writings, letters, e-mails and all other attachments (whether sent or received by a business or personal account), communications of any kind, text or SMS messages, notes, drawings, graphs, charts, photographs, sound recordings, voice mail messages, images, PDF documents, word processing documents, electronic spreadsheets, presentations, electronic images of any kind, audio files, database material, source code, meeting invitations, attendee lists, and other data or data compilations.  The term "Document" includes the original document (or a copy in the event the original is not available), as well as all copies that differ in any respect from the original, including those that have notations, underlining, or other markings.

G.   "Lawsuit" means the case captioned *Julie Duran v. Bragg Live Food Products, LLC*, Case No. CACE-23-007474, currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

H.   "Bragg" or "Defendant" means Bragg Live Food Products, LLC.

I.   "ACV" means the Bragg Apple Cider Vinegar product designed, marketed, and distributed by Bragg.

J.   "ACV Supplements" means, collectively, the Bragg ACV Supplement and the Bragg True Energy ACV Supplement designed, marketed, and distributed by Bragg.

K.   "Consumer" has the meaning set forth in Fla. Stat. § 501.203(7).

**INSTRUCTIONS**

1.   Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

2.   The grounds for objecting to an Interrogatory must be stated with specificity.  If Bragg has a good faith objection to any Interrogatory or any part thereof, the specific nature of the objection and whether it applies to the entire Interrogatory or to a part of the Interrogatory shall be stated.  If there is an objection to any part of an Interrogatory, then the part objected to should be identified and a response to the remaining unobjectionable part should be provided.

3.   If in responding to these Interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

4.   In answering these Interrogatories, furnish all information available to you, including information in the possession of your employees, attorneys, consultants, investigators for your attorneys, or otherwise subject to your possession and control, and not merely information of your own personal knowledge.  You must make diligent good faith inquiry of any and all persons, documents, and other sources that may have any information relating to these Interrogatories.

5.   If you cannot otherwise answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion and the source(s) from which all responsive information may be obtained to the best of your knowledge or belief.

6.   If Bragg has a good faith objection to any Interrogatory or any part thereof on attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity, Bragg

shall provide an explanation of the basis therefor, including the specific nature of the privilege or immunity claimed and the detailed grounds for claiming such.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each individual, whether or not employed by Bragg, involved in the creation, research, or development of ACV and ACV Supplements sold in the State of Florida, and describe in detail each person's involvement.

**INTERROGATORY NO. 2:** Identify each individual, whether or not employed by Bragg, involved in the commercialization, marketing, advertising, or promotion of ACV and ACV Supplements in the State of Florida, and describe in detail each person's involvement.

**INTERROGATORY NO. 3:** Identify all studies, clinical trials, scholarly articles, or other sources supporting your assertion that "[t]aking a daily dose of Bragg ACV offers many health benefits. Our ACV supplement can help support a healthy immune system, aids in maintaining a healthy weight, acts as an appetite suppressant,and [sic] helps maintain healthy cholesterol levels," as asserted on the Amazon page offering the Bragg ACV Supplement for sale in the State of Florida.

**INTERROGATORY NO. 4:** Identify all business entities, including online and brick-and-mortar retailers, authorized to market or sell ACV or ACV Supplements in the State of Florida, including the (a) the type of retailer, (b) the name of the retailer, and (c) the volume of sales of ACV or ACV Supplements of each retailer by quarter and year.

**INTERROGATORY NO. 5:** Describe in detail any studies you have conducted on the health benefits of apple cider vinegar separate and apart from the health benefits of Vitamin B12, Vitamin D3, and/or Zinc

**<u>INTERROGATORY NO. 6</u>:** Explain in detail how the Bragg True Energy ACV Supplement's purported health benefits compare to the health benefits of Vitamin B12 supplements that do not contain apple cider vinegar.

**<u>INTERROGATORY NO. 7</u>:** Explain in detail how the Bragg ACV Supplement's purported health benefits compare to the health benefits of Vitamin D3 and Zinc supplements that do not contain apple cider vinegar.

**<u>INTERROGATORY NO. 8</u>:** Identify your sales volumes and revenue amounts resulting from the sale of ACV and ACV Supplements in Florida by quarter and year.

**<u>INTERROGATORY NO. 9</u>:** Identify all regulatory or other governmental approvals you have sought or obtained to develop, market, advertise, distribute, or sell ACV and ACV Supplements to consumers.

**<u>INTERROGATORY NO. 10:</u>** Identify any inquiry into or investigation of the ACV or ACV Supplements by any local, state or federal governmental entity.

**<u>INTERROGATORY NO. 11</u>:** Identify each basis for your claim that the addition of apple cider vinegar to Vitamin B12 results in added health benefits, including the source for such claim.

**<u>INTERROGATORY NO. 12</u>:** Identify each basis for your claim that the addition of apple cider vinegar to Vitamin D3 and Zinc results in added health benefits, including the source for such claim.

Date: April 24, 2023                                     Respectfully submitted,

                                                        *s/ Alec H. Schultz*
                                                        Alec H. Schultz
                                                        Carly A. Kligler
                                                        HILGERS GRABEN PLLC
                                                        1221 Brickell Avenue, Suite 900
                                                        Miami, Florida 33131
                                                        Telephone:  305.630.8304
                                                        Email:  aschultz@hilgersgraben.com

                                                        *Counsel for Plaintiff and the Proposed
                                                        Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 24, 2023, true and correct copies of Plaintiff

Julie Duran's First Set of Interrogatories to Defendant Bragg Live Food Products, LLC, were

served via U.S. Postal Service on counsel for Defendant as follows:

Mark Bideau
Greenberg Traurig, LLP
777 S. Flagler Drive
Suite 300 East
West Palm Beach, FL 33401

*s/ Alec H. Schultz*
Alec H. Schultz
