**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JULIE DURAN,<br><br>Plaintiff,<br><br>v.<br><br>BRAGG LIVE FOOD PRODUCTS, LLC, a foreign corporation,<br><br>Defendant. | **Case No.: 23-cv-60812-AHS** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO COLLECT, REVIEW, AND PRODUCE RESPONSIVE DOCUMENTS**

Plaintiff Julie Duran ("Plaintiff") hereby requests that the Court order Defendant Bragg Live Food Products, LLC ("Bragg") to collect documents from its custodians and produce documents responsive to Plaintiff's proposed search terms pursuant to Fed. R. Civ. P. 26(b)(1) & 37(a)(3)(B)(iv) and S.D. Fla. L.R. 26.1(g).

## INTRODUCTION

Plaintiff has asked Bragg for months to engage in two basic discovery tasks common to all sophisticated class action litigation: (1) to collect documents from relevant individuals Bragg lists in its initial disclosures, and (2) to reach an agreement with Plaintiff on search terms for filtering responsive documents. Despite Plaintiff's multiple requests, Bragg has refused to make any progress toward these ends. Bragg has thus jeopardized the case schedule, and Plaintiff now respectfully requests that the Court compel Bragg to collect documents from the proposed custodians and produce documents responsive to Plaintiff's proposed search terms.

## BACKGROUND

On July 26, 2023, Plaintiff served Bragg with the first set of discovery requests. *See* Exhibit 1, Plaintiff's First Set of Requests for Production and First Set of Interrogatories. Bragg asked for a thirty-day extension to respond to the discovery requests on August 11, 2023, to which Plaintiff acceded. *See* Exhibit 2, C. Kligler correspondence with M. Richard (Aug. 11, 2023). On September 14, Plaintiff sent Bragg a proposal for custodians and search terms to aid in Defendant's document collection and review. *See* Exhibit 3, H. Pettersen email to M. Bideau (Sept. 14, 2023). Bragg acknowledged receipt of the proposal on September 20, and noted that it was "evaluating your terms and numbers of hits." Exhibit 4, M. Richard email to C. Kligler (Sept. 20, 2023).

In the meantime, Bragg requested another extension, this time to October 9, 2023. *Id*. Plaintiff expressed concern that, given the November 13 deadline for Plaintiff to disclose experts and exchange expert report summaries, Bragg's continued delays could put Plaintiff in an untenable position. *Id.* But Bragg confirmed that it still believed it could substantially complete document production by the end of October, and Plaintiff agreed to this second extension. *Id.* In so doing, Plaintiff reminded Bragg that reaching an agreement on custodians and search terms in short order was critical, and given the multiple extensions, Plaintiff expected that a substantial production would accompany Bragg's responses or follow shortly thereafter. *Id.* The parties also executed a confidentiality agreement on October 3, *id.*, which Bragg filed with the Court on October 6. ECF No. 17 (Notice of Filing of Joint Stipulation for Confidentiality Order).

On October 9, Bragg responded to Plaintiff's discovery requests, but did not produce any documents. At the end of that week, October 13, Bragg produced a total of forty-one documents, consisting entirely of third-party academic and popular articles—the vast majority of which Bragg had previously disclosed to Plaintiff—and none of which reflected internal production from any

of the proposed custodians. To date, these forty-one articles constitute the whole of the documents Bragg has produced. The same day, Plaintiff sent Bragg a letter outlining the various deficiencies in Bragg's responses and production, chief of which was Defendant's refusal to agree or make a counterproposal to Plaintiff's proposed custodians and search terms. *See* Exhibit 5, H. Pettersen letter to M. Bideau (Oct. 13, 2023).

On October 19, the parties met and conferred regarding Bragg's deficiencies. Bragg confirmed that—at odds with its email a month prior stating Bragg was "evaluating [Plaintiff's] terms and number of hits," *see* Exhibit 4—Bragg had not systematically collected documents for review from any custodial source or run any hit counts. *See* Exhibit 6, H. Pettersen email to M. Bideau (Oct. 19, 2023). Instead, as Bragg subsequently confirmed in writing, Bragg had only identified executives and employees within the company "to search for and gather potentially responsive documents" to Plaintiff's requests, apparently by manual searches. Exhibit 7, M. Bideau letter to H. Pettersen (Oct. 24, 2023), 1. Bragg purports to have used "reasonable methods" to search the sources its executives and employees identified, *id.* at 2, but Bragg has not explained what these methods were or who undertook them, except that they did not include any comprehensive intake of a custodial source or the use search strings. *Id.*

The same day, with insight into how little Bragg had done in the way of document collection, Plaintiff outlined to Bragg why its discovery procedures were indefensible, and she again asked Bragg to collect documents from custodians and run Plaintiff's proposed search terms. *See* Exhibit 6. Bragg doubled down and refused to run any hit report on the proposed search terms. *See* Exhibit 7 at 3. Instead, Bragg claimed simultaneously that there are no responsive, uncollected documents for Plaintiff's search terms to identify, and also that Plaintiff's search terms would identify thousands of documents. *Id.* Bragg has refused to offer Plaintiff any counterproposal. *Id.*

## ARGUMENT

### I. Plaintiff is entitled to relevant and proportionate discovery.

Plaintiff is entitled to discovery that is relevant and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Further, "courts allow liberal and broad discovery in keeping with the spirit and purpose of these rules." *Powers v. Target Corp.*, 2020 U.S. Dist. LEXIS 14011, at *3 (S.D. Fla. Jan. 24, 2020) (citation omitted). And "[t]he 'overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information.'" *Id.* (quoting *Shapiro v. Dynamic Recovery Sols.*, LLC, 2018 U.S. Dist. LEXIS 124938, at *13 (S.D. Fla. July 26, 2018)). This matter is a complex class action lawsuit, which is bound to impose certain discovery costs on Bragg. But those costs are not undue. *See Lane v. Cap. Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) ("Discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery.").

### II. Bragg's discovery methods are indefensible.

*a. Bragg should be compelled to collect documents from the proposed custodians.*

Bragg has a duty under Fed. R. Civ. P. 26 "to search available systems for the information demanded." *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012). But Bragg's document collection to date has not included a comprehensive search of available systems—systems Bragg acknowledges exist. *See* Exhibit 7 at 1 ("We then directed that steps be taken to preserve potentially responsive document sources."). Rather, Bragg has relied on its own executives and employees—who have an interest in the outcome of this case—to self-identify and collect responsive documents. *Id.* (Bragg "identif[ied] individuals within the company . . . to search for and gather potentially responsive documents as to each request.").

Bragg's reliance on its executives and employees to self-collect documents is indefensible. *See EEOC v. M1 5100 Corp.*, 2020 U.S. Dist. LEXIS 117243, at *9 (S.D. Fla. July 2, 2020)

(“Applicable case law informs that ‘self collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted.’ In the case at hand, it is very clear that Defendant’s employees self-collected ESI . . . . The Court is especially concerned . . . that two self-interested employees allegedly collected the responsive documents and information.”) (citation omitted). As an example, at the October 19 meet-and-confer, Bragg recounted that in the course of its document collection, a Bragg executive was asked whether she possessed emails responsive to certain of Plaintiff’s requests, and that the executive had responded that she had not sent any emails relevant to the alleged conduct at issue. Without custodian collections and keyword searches, Bragg cannot possibly know that its executive has not sent any emails responsive to Plaintiff’s discovery requests—which ask in various ways for documents relating to the development, marketing, and sale of certain Bragg products in the previous five years. Bragg’s position that its executive possesses no such correspondence, meaning that in a five-year period not a single email was sent about entire products of the company, defies belief and is not compatible with Defendant’s discovery obligations.

*b. Bragg should be compelled to run Plaintiff’s proposed search terms and produce responsive documents.*

Bragg objects to all of Plaintiff’s search terms on two blanket grounds. First, Bragg won’t run Plaintiff’s proposed searches because Bragg “does not have responsive documents to several of the RFPs for which you demand we run keyword searches.” Exhibit 7 at 2. Bragg identifies a handful of Requests for which it claims it has no responsive documents, *see id.* at 2–3, but that is no basis to conclude as a blanket rule that Bragg will not run search terms for ***any*** of Plaintiff’s requests. Even more basically, Bragg cannot know that the custodians have no responsive documents when it has not engaged in comprehensive document collection or run any hit reports.

Second, Bragg objects in the same breath that Plaintiff's search terms "would obviously produce thousands of false hits." *Id.* at 3. Bragg likewise cannot know this without having collected from custodians and run hit reports. Plaintiff proposed eleven tailored search strings, and Bragg has not explained why these search strings are overly broad or irrelevant to the corresponding requests, and Bragg has not counteroffered further tailoring. By way of example, Bragg makes conclusory assertions that "most of the terms you demand that we run for RFP No. 17 . . . have nothing to do with labels or packaging." *Id.* Bragg doesn't identify the objectionable terms or explain why they aren't related to labeling or packaging; nor does Bragg explain why it refuses to run hit reports for the remaining terms that Bragg impliedly admits are relevant. Bragg merely asserts a few vague and conclusory objections to Plaintiff's search terms, and on that basis refuses to conduct any systematic custodian collection or review.

At an intuitive level, Bragg's two objections cannot simultaneously be true—that there are thousands of documents responsive to Plaintiff's tailored search terms, but that none of these documents is relevant to Plaintiff's discovery requests. Certainly, in practice, Bragg bears the burden of proving this implausible claim; Bragg cannot merely assert these factual conclusions without having collected from custodians, run hit counts, and reviewed the results. *See Gould v. Transamerica Life Ins. Co.*, 2012 U.S. Dist. LEXIS 204584, at *34 (S.D. Ala. Sep. 21, 2012) ("Of course, as to whether particular discovery requests are unduly burdensome, [defendant], as the party resisting discovery, cannot simply say it is; [defendant] must prove it.").

Bragg even contends that it need not run Plaintiff's search terms because "[y]ou have not pointed to any documents that exist that have not been produced." Exhibit 7 at 3. But ***Bragg has produced only forty-one documents, all of which were authored by third parties***. Plaintiff cannot name the specific documents Bragg has yet to produce because Bragg has not produced ***any***

substantive, internal documents that might hint at withheld documents. Predictably, Bragg's novel standard is not what the liberal scope of Fed. R. Civ. P. 26 puts forward. *See Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2007 U.S. Dist. LEXIS 37134, at *5 (S.D. Fla. May 22, 2007) (explaining discovery should be allowed "unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action."). Bragg's position—that it will give Plaintiff no insight into its existing documents and simultaneously claim Plaintiff has not identified any improperly withheld documents—is frankly absurd. If this was a permissible discovery tactic, no party would ever produce any documents detrimental to its case.

### III. Collection, review, and production of responsive documents will not unduly burden Bragg.

Plaintiff asks Bragg merely to collect from a handful of custodians and review and produce documents responsive to tailored search terms. For a complex class action like this case, this is not an unusual or disproportionate request. *See, e.g.*, *Belin v. Health Ins. Innovs., Inc.*, 2022 U.S. Dist. LEXIS 44647, at *9 (S.D. Fla. Mar. 10, 2022) (noting class counsel had reviewed "more than 98,000 documents" produced in response to twelve discovery requests). Plaintiff has engaged in good-faith negotiations with Bragg for months and agreed to multiple extensions with the understanding that Bragg could substantially complete discovery production by the end of October. Despite Plaintiff's diligent efforts, Bragg has yet to make any adequate attempt to collect, review, or produce responsive documents. Bragg's refusal to collect from proposed custodians, to run Plaintiff's proposed search terms, and its suggestion that Plaintiff must identify individual documents for production are each at odds with the basic obligations the federal rules place on a party responding to discovery requests. *See In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 231124, at *11 (N.D. Fla. Dec. 7, 2017) (ordering forensic examination and data

extraction from responding party's electronic devices where "an appropriate collection and review . . . of all sources of ESI" had not occurred).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order Bragg to collect documents from the proposed custodians and produce documents responsive to Plaintiff's proposed search terms.

**LOCAL RULE 7.1 CERTIFICATION**

Counsel has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: October 27, 2023.

Respectfully submitted,

***s/ Alec H. Schultz***
Alec H. Schultz
Carly A. Kligler
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
Email: aschultz@hilgersgraben.com
Email: ckligler@hilgersgraben.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

***s/ Alec H. Schultz***
Alec H. Schultz