**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JULIE DURAN,

Plaintiff,

v.

BRAGG LIVE FOOD PRODUCTS, LLC, a foreign corporation,

Defendant.

**Case No.: 23-cv-60812-AHS**

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE RESPONSIVE DOCUMENTS**

Plaintiff Julie Duran ("Plaintiff") hereby requests that the Court order Defendant Bragg Live Food Products, LLC ("Bragg") to produce all documents responsive to Requests for Production ("Requests") Nos. 5, 6, and 17 pursuant to Fed. R. Civ. P. 26(b)(1) & 37(a)(3)(B)(iv) and S.D. Fla. L.R. 26.1(g).[1]

**INTRODUCTION**

Despite Plaintiff's multiple requests, clarifications, and meet-and-confers, Bragg insists on categorically withholding plainly relevant documents responsive to Plaintiff's Requests Nos. 5, 6, and 17. Now, Bragg claims to have substantially completed its document production in this class action FDUTPA case ***without having produced a single email***, let alone any number of other documents responsive to Plaintiff's Requests. This, even though the documents Bragg has

[1] As to the timeliness of this motion, Plaintiff notified Defendant on November 20, 2023, that she was prepared to move to compel, but counsel for Bragg asked to meet and confer regarding the dispute during the week of November 27, 2023. *See* Exhibit 1, M. Bideau email to H. Pettersen (Nov. 21, 2023). At the subsequent November 29 meet-and-confer, the parties reached an impasse regarding Bragg's productions pursuant to Request Nos. 5, 6, and 17. *See* Exhibit 2, H. Pettersen email to M. Bideau (Dec. 1, 2023).

produced indicate that Defendant possesses many additional responsive, non-privileged documents. Under the plain terms of Rule 26, Plaintiff is entitled to relevant documents, including documents "relating to" the identified subject matter of Requests Nos. 5, 6, and 17. Plaintiff now respectfully requests that the Court compel Bragg to produce all documents responsive to Plaintiff's Requests Nos. 5, 6, and 17.

## BACKGROUND

On July 26, 2023, Plaintiff served Bragg with the First Set of Requests for Production. *See* Exhibit 3. Bragg responded to Plaintiff's discovery requests on October 9. *See* Exhibit 4, Bragg's Responses and Objections to Plaintiff's First Set of Discovery Requests. The Requests in dispute here and Bragg's original responses and objections read as follows:

> **Request No. 5 (numbered "4" in Bragg's response):** All documents relating to the marketing or advertising in the State of Florida of the purported health benefits of ACV and ACV Supplements.
>
> **Response**: Bragg objects to this Request on the grounds that it is overly broad and not limited in terms of sources of the marketing or advertising. Plaintiff does not need every single document that relates to the marketing or advertising of ACV and the ACV Supplements and the cost and burden of searching for and providing such advertisements is not proportional to the needs of this case. Moreover, by definition, any relevant advertising and marketing would be public in order to have been seen by a potential class member and thus is available to Plaintiff and Plaintiff's counsel. Bragg further objects to this Request to the extent it seeks documents relating to the "purported ***health benefits*** of ACV and ACV Supplements" on the grounds that Bragg does not make health claims about its ACV or the ACV Supplements.
>
> Subject to and without waiver of the foregoing general and specific objections, Bragg agrees to produce samples of marketing or advertising run in the State of Florida of the structure and function claims for ACV and ACV Supplements during the relevant period.
>
> **Request No. 6 (numbered "5" in Bragg's response):** All documents relating to research, studies, surveys, or other analyses about consumer preferences, demands, or trends concerning ACV, ACV Supplements, or other products containing apple cider vinegar.
>
> **Response**: Bragg objects to this Request as vague, ambiguous, overly broad, not limited in terms of sources, and not limited to Bragg products. Bragg cannot discern whether "other products containing apple cider vinegar" refers to Bragg or non-Bragg products containing apple cider vinegar. Bragg further objects to this Request to the extent

> that a response would reveal trade secret and confidential research regarding market trends and other sensitive business information.
>
> Subject to and without waiver of the foregoing general and specific objections, Bragg agrees to produce non-privileged, responsive documents related to Bragg's ACV and ACV Supplement after the entry of a satisfactory confidentiality order.
>
> **Request No. 17 (numbered "16" in Bragg's response):** All documents relating to the design and content of labels and other packaging material used for ACV and ACV Supplements.
>
> **Response**: Bragg objects to this Request as overly broad and not limited in terms of sources of the labels or packaging material; there is no need for Bragg to produce every single document that relates to the labels or packaging of ACV and ACV Supplements.
>
> Subject to and without waiving the foregoing objections, Bragg agrees to produce samples of each label used for ACV and ACV Supplement sold by Bragg from October 2018 to the present.

On October 13, Plaintiff sent Bragg correspondence outlining various deficiencies in Defendant's responses and objections. Plaintiff noted that in response to Request No. 5, Bragg had failed to substantiate its claim that the request was overbroad, and that contrary to Bragg's naked assertion that plaintiff "does not need" the responsive documents, Plaintiff explained that she was entitled to relevant documents. *See* Exhibit 5, H. Pettersen letter to M. Bideau (Oct. 13, 2023). Plaintiff also clarified that Request No. 6 asked for responsive documents concerning any apple cider vinegar product, not only Bragg's products. Finally, the letter noted that Request No. 17 did not ask merely for a sample of labels, but for all documents relating to the design and content of Bragg's ACV and ACV Supplement labels, and that Bragg had not offered any substantiation for its claim that the Request was overly broad or that Plaintiff had "no need" for these documents. Plaintiff offered to meet and confer with Bragg regarding these and other discovery requests.

The parties met and conferred on October 19 regarding these deficiencies. On October 20, in reply to Plaintiff's October 13 letter, Bragg stated that a search for documents "relating to" the subject matter of Request Nos. 5 and 17 was not proportional to the needs of the case because "Bragg uses numerous marketing and advertising contractors." *See* Exhibit 6, M. Bideau letter to H. Pettersen, 3 (Oct. 20, 2023). Regarding Request No. 6, Bragg acknowledged Plaintiff's

clarification and said that it would review the response and determine whether additional objections or productions were appropriate. *Id.*

On October 27, and after Plaintiff had filed a separate motion to compel Bragg to collect from its custodians and run search terms, *see* ECF No. 18, Bragg served amended responses and objections to Plaintiff's discovery requests. *See* Exhibit 7, Bragg's Amended Responses and Objections to Plaintiff's First Set of Discovery Requests (Oct. 27, 2023) ("Amended Responses"). Bragg's amended response to Request No. 5 was identical to its original response, confirming that Bragg would produce only a sample of marketing and advertising materials. Bragg did not agree to produce ***any*** documents "relating to" this Request, *id.* at 4, and true to its word, Bragg has not produced a single email regarding its ACV or ACV Supplement marketing or advertising. As further evidence of the deficiencies in Bragg's sampling method, Bragg has produced copies of social media influencer contracts and a handful of screenshots from the influencers' content, but Defendant has not produced any of the social media videos Bragg paid these influencers to create.

In amended response to Request No. 6, Bragg significantly ***narrowed*** the scope of the documents it agreed to produce. Bragg originally agreed "to produce non-privileged, responsive documents related to Bragg's ACV and ACV Supplement," Exhibit 4 at 5, but now restricted the production merely to "responsive reports and analyses regarding consumer preferences conducted or commenced by Bragg or in Bragg's possession, custody, or control concerning Bragg's ACV and ACV Supplements." Exhibit 7 at 4. Predictably, while Bragg has produced several reports and analyses regarding consumer preferences, Defendant has not produced ***any*** emails or other documents indicating what motivated Bragg to commission the analyses or how Bragg proceeded with its marketing and health-claim strategies after it received market research.

Bragg modestly expanded its response to Request No. 17, offering to produce all requested labels and "research, studies, or analyses done by or for Bragg," but did not agree to produce any other documents "relating to" these labels. *Id.* at 7. Accordingly, Bragg has not produced ***any*** communications or other Bragg-authored documents regarding the development and amendment of its ACV and ACV Supplement labels.

Bragg claims to have substantially completed document production, *see* ECF No. 21, Bragg's Response to Plaintiff's Motion to Compel, 1–2, ***even though Defendant has not produced a single email in this case***—a case that pertains to whether Bragg deceived consumers into purchasing worthless or overpriced products, and which therefore directly concerns Defendant's internal communications and documents regarding product research, development, and consumer marketing strategy. Plaintiff is entitled to documents "relating to" Request Nos. 5, 6, and 17, but Bragg has categorically refused to produce a single one, despite the fact that its limited production to date establishes these documents exist.

## ARGUMENT

### I. Plaintiff is entitled to all relevant, non-privileged information in Bragg's custody, control, or possession.

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jacobi v. Experian Info. Sols., Inc.*, 2020 U.S. Dist. LEXIS 264057, at *4 (S.D. Fla. Dec. 23, 2020) (Valle, J.) (internal quotation marks omitted). Further, this Court routinely holds that discovery requests for "all documents relating to" a relevant subject are appropriate. *See, e.g.*, *ADT LLC v. Vivint, Inc.*, 2017 U.S. Dist. LEXIS 217256, at *10 (S.D. Fla. Oct. 4, 2017) (granting plaintiff's motion to compel production of "all documents relating to" various subjects).

As to email correspondence specifically, courts regularly hold that production of thousands of emails is not unduly burdensome or disproportionate, even for the needs of simple, non-class-action disputes. *See e.g.*, *Callaway v. Lee Mem'l Health Sys.*, 2021 U.S. Dist. LEXIS 247029, at *6 (M.D. Fla. Sep. 30, 2021) (finding production of 1,720 emails "to be reasonable and proportional" and "by no means a shocking volume of emails to produce" in an employer retaliation claim). Additionally, this Court has previously ordered an otherwise reluctant defendant to produce emails with the instruction that "Defendant shall be exceedingly liberal in determining which emails to produce." *Phillips N. Am. LLC v. 626 Holdings, Inc.*, 2020 U.S. Dist. LEXIS 174548, at *5-6 (S.D. Fla. Sep. 23, 2020).

## II. Bragg's refusal to produce documents "relating to" Plaintiff's requests is indefensible, especially where Bragg's productions to date indicate that Defendant possesses many other responsive documents.

Under the liberal scope of discovery prescribed by the Federal Rules and confirmed by this Court's precedent, it is not credible for Bragg to refuse to produce "documents relating to" its consumer research, marketing, and product labeling. Bragg would have to show that the "information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2007 U.S. Dist. LEXIS 37134, at *5 (S.D. Fla. May 22, 2007). But documents relating to Bragg's consumer research, marketing, and product labeling are plainly relevant to Plaintiff's claims. For example, internal documents relating to the development of Bragg's marketing and product labels may reflect that Bragg's claimed health benefits are false or misleading—issues that bear directly on whether a reasonable consumer would have been deceived in relying on Bragg's public representations. Additionally, the communications Defendant has refused to produce must contain the identities of relevant actors within Bragg and elucidate their roles in product research,

development, and marketing. Further, internal documents and communications relating to consumer research and Bragg's subsequent advertising and labeling strategies may illuminate the ways in which a reasonable consumer would have been deceived by Defendant's marketing. Each of these inquiries is relevant to Plaintiff's claims. *See Green v. Fedex Nat'l, Ltl, Inc.*, 2009 U.S. Dist. LEXIS 81150, at *13 (M.D. Fla. Sep. 8, 2009) ("Plaintiffs assert that [Defendant's behavior] warrants its FDUTPA claim and an opportunity for discovery into Defendant's conduct and intentions related to these Contracts. This Court agrees and finds that Plaintiffs' allegations are sufficient to survive a motion to dismiss.").

Defendant's productions to date confirm that additional responsive documents relating to the research, development, and marketing of Bragg's products and their purported health benefits must exist. For example, Bragg has produced multiple presentations regarding consumer research and marketing strategies. [redacted]

[redacted] This 2021 presentation is just one of many standalone presentations, analyses, and surveys Bragg has produced that demonstrate the incredulity of Bragg's categorical refusal to produce "documents relating to" Requests No. 5, 6, and 17. To put it simply, Bragg is knowingly withholding relevant documents from Plaintiff.

### III. Bragg's objections to Plaintiff's Requests are rote and unsubstantiated.

While Plaintiff is entitled to documents responsive to her Requests, Bragg has maintained meritless objections—despite Plaintiff's multiple efforts to call attention to these inadequacies. Bragg claims Request No. 5 is overly broad because "Plaintiff does not need every single document that relates to the marketing or advertising of ACV and the ACV Supplements and the cost and burden of searching for and providing such advertisements is not proportional to the needs of this case." Exhibit 7 at 4. As Plaintiff reminded Bragg at least twice, *see* Exhibit 5 at 3–4, Exhibit 9, H. Pettersen email to M. Bideau and M. Richard (Oct. 19, 2023), these unsubstantiated assertions—even more dubious given Bragg's refusal to comprehensively collect documents from custodians or run search terms to identify preliminary hit counts—do not satisfy Defendant's burden to prove why Request No. 5 is overly broad or why Plaintiff "does not need" the requested documents. *See, e.g.*, *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless.'"); *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) ("We have noted that boilerplate objections may border on a frivolous response to discovery requests").

Bragg also baldly asserts that Request No. 6 is overly broad, without even so much as a boilerplate explanation for this objection. Additionally, Bragg has maintained its objections to Request No. 6 as vague and ambiguous because "Bragg cannot discern whether 'other products containing apple cider vinegar' refers to Bragg or non-Bragg products containing apple cider vinegar." Exhibit 7 at 4. Plaintiff addressed both objections in her October 13 letter and clarified that the Request did seek documents relating to Bragg's knowledge of non-Bragg apple cider vinegar products. Exhibit 5 at 4. Bragg recognized this clarification in its October 20 letter, yet still objects on this ground in its amended response. Exhibit 6 at 3.

Finally, Bragg objects to Request No. 17 as overly broad because "there is no need for Bragg to produce every single document that in some way 'relates' to the labels or packaging of ACV and ACV Supplements and the request to do so is not proportional to the needs of this case." Exhibit 7 at 7. Again, Bragg has not fulfilled its burden of showing why the Request is overly broad or why "there is no need" for Bragg to produce the requested documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order Bragg to produce all documents responsive to Plaintiff's Requests Nos. 5, 6, and 17, including without limitation communications regarding the subject matter of these Requests.

**LOCAL RULE 7.1 CERTIFICATION**

Counsel has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: December 7, 2023.

Respectfully submitted,

***s/ Alec H. Schultz***

Alec H. Schultz
Carly A. Kligler
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
Email: aschultz@hilgersgraben.com
Email: ckligler@hilgersgraben.com

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

***s/ Alec H. Schultz***
Alec H. Schultz