UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60812-SINGHAL/VALLE

JULIE DURAN,

    Plaintiff,

v.

BRAGG LIVE FOOD
PRODUCTS, LLC, *a
Foreign corporation*,

    Defendant.

_____

## ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court upon Defendant Bragg Live Food Products, LLC's Motion to Compel (ECF No. 41) (the "Motion"). United States District Judge Raag Singhal has referred the case to the undersigned for discovery matters. *See* (ECF No. 12 at 6). The Court has reviewed the Motion, Plaintiff's Response (ECF No. 44), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

### I.    BACKGROUND

Plaintiff Julie Duran ("Plaintiff") filed a putative class action Complaint and Jury Demand in State court against Defendant Bragg Live Food Products LLC ("Defendant") alleging a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count I) and a claim for unjust enrichment (Count II). *See generally* (ECF No. 1-2). In May 2023, Defendant removed the action to federal court. (ECF No. 1). Relevant to the instant Motion, the Complaint alleges that Defendant manufactures, markets, and distributes Apple Cider Vinegar ("ACV") and various ACV

supplements, which Plaintiff regularly purchased since 2020 and incorporated into her daily health and wellness routine. (ECF No. 1-2 ¶¶ 1, 20). According to Plaintiff, ACV "provides no health benefits" and Defendant's ACV supplements are similarly ineffective. *Id.* at ¶¶ 1-3. Further, Plaintiff alleges that there is no scientific evidence linking ACV to any health benefits, and that purchasers of ACV supplements are paying inflated prices for allegedly inferior vitamin and mineral supplements. *Id.* ¶¶ 16, 19.

Through the instant Motion, Defendant seeks to compel Plaintiff to: (i) provide medical records relating to her weight, cholesterol, blood sugar, and immunity from 2016 to the present; (ii) search for electronically stored information ("ESI") on her phone, social media accounts, and computer; and (iii) provide the settlement agreement in *Chatlos v. Goli Nutrition, Inc.*, No. 22-CV-62362-AHS (S.D. Fla. 2022), a case involving the same Plaintiff and similar FDUTPA claims against a different corporate defendant who produces apple cider vinegar gummies. *See generally* (ECF No. 41). Plaintiff opposes the Motion.

## II.  DISCUSSION

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to

be discoverable. *Id.* Against these legal principles, the Court addresses the disputed items that Defendant seeks to compel.

### A. Plaintiff's Medical Records are Irrelevant to FDUTPA Claims/Defenses

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). A consumer claim for damages under FDUTPA requires: (i) a deceptive act or unfair practice; (ii) causation; and (iii) actual damages. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016) (citation omitted).

To satisfy the first element, a plaintiff must show that "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Id.* at 983-84. In Florida, courts use an objective test to determine whether the practice was likely to deceive a reasonable consumer. *Id.* at 984. Thus, "[a] party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." *Id.* (citation omitted); *see also Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1283 (11th Cir. 2011) (citation omitted); *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1234 (S.D. Fla. 2021) ("[F]ederal courts and Florida courts alike have stated that 'FDUTPA does not require a plaintiff to prove actual reliance on the alleged conduct.'"). Instead, a plaintiff must simply prove that "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Lewis*, 530 F. Supp. 3d at 1234 (citation omitted); *see also Cardenas v. Toyota Motor Corp.*, No. 18-CV-22798, 2021 WL 5811741, at *12 (S.D. Fla. Dec. 6, 2021) (granting motion to certify class where FDUTPA plaintiff need only show that a reasonable consumer would have been harmed by defendant's conduct); *Collins v. Quincy Bioscience*, LLC, No. 19-CV-22864, 2020 WL 3268340, at *29 (S.D. Fla. Mar. 19, 2020) (recommending court grant motion for class certification where

"[t]here are no individualized issues of reliance or causation under FDUTPA.") (collecting cases); *Vazquez v. Gen. Motors, LLC*, No. 17-CV-22209, 2018 WL 447644, at *6 (S.D. Fla. Jan. 16, 2018) (denying motion to dismiss where FDUTPA only requires that plaintiff establish objective elements).

These general principles guide the Court's analysis of the dispute in the Motion, particularly where, as Defendant concedes, there is "a dearth of case law in this District" addressing whether a plaintiff's medical records are discoverable in a FDUTPA context. (ECF No. 41 at 6). In considering the Motion, analogous case law, and the FDUTPA claims and defenses, the undersigned concludes that discovery of Plaintiff's medical records is not relevant to the instant action. Plaintiff's medical condition has no bearing on Plaintiff's allegations that there is no scientific evidence linking ACV to any health benefits. (ECF No. 1-2 ¶ 16). Also, Plaintiff's medical records have no relation to Plaintiff's allegations that purchasers of ACV supplements are paying inflated prices for allegedly inferior vitamin and mineral supplements. *Id.* ¶ 19. As noted above, Florida law uses an objective test to determine whether a practice is likely to deceive a reasonable consumer. *Carriuolo*, 823 F.3d at 983 (citation omitted). Here, Plaintiff's medical records have no bearing on this objective standard.

Moreover, Defendant's case law is factually distinguishable or legally inapplicable. *See, e.g., Tyer v. Southwest Airlines*, No. 14-CV-62899, 2015 WL 4537250, at *2 (S.D. Fla. July 27, 2015) (ordering disclosure of medical records where plaintiff alleged personal injury claims, putting her physical condition at issue); *Vanderwall v. United Airlines, Inc.*, No. 14-CV-60256, 2014 WL 12495288, at *2-3 (S.D. Fla. Oct. 17, 2014) (slip and fall case where plaintiff's physical and mental condition were at issue); *Rikos v. Procter & Gamble Co.*, No. 11-CV-226, 2013 WL 4714239, at *1 (S.D. Ohio Aug. 30, 2013) (out-of-District case concluding that medical

4

information was relevant to product's alleged failure to provide digestive health benefits); *Stanley v. Bayer Healthcare LLC*, No. 11-CV-862-IEG (BLM), 2011 WL 5569761, at *3 (S.D. Cal. Nov. 16, 2011) (compelling disclosure of medical records under Ninth Circuit law).

Accordingly, Defendant's motion to compel Plaintiff's medical records is **DENIED**.

**B. ESI from Plaintiff's Electronic Devices is Irrelevant to FDUTPA Claims/Defenses**

Next, Defendant seeks to compel Plaintiff to search her computer, phone, and files, and produce any relevant information, given Plaintiff's incomplete, evasive, testimony and failure to recall basic details at deposition. (ECF No. 41 at 10-12). However, Plaintiff's failure to testify at her deposition regarding her subjective access to and/or reliance on Defendant's marketing is irrelevant to the FDUTPA claims and defenses. Rather, under Florida law, whether Defendant deceptively marketed its ACV products (such that a reasonable consumer would likely be misled) cannot be determined from specific advertisements Plaintiff may have viewed because "the mental state of each class member is irrelevant." *Carriuolo*, 823 F.3d at 985; *see also Fitzpatrick*, 635 F.3d at 1283 ("[R]ecovery under the FDUTPA does not hinge on whether a particular plaintiff actually relied on General Mills' claims about Yo-Plus' alleged digestive health benefits."). Thus, although e-discovery may be appropriate under certain circumstances, the relevant standard in this case is a "reasonable consumer" and Plaintiff's access/use of electronic devices to obtain information regarding Defendant's products is irrelevant.

Accordingly, Defendant's motion to compel Plaintiff to search her electronic devices is **DENIED**.

**C. Plaintiff Must Produce the Settlement Agreement in *Chatlos v. Goli Nutrition, Inc.***

Lastly, Defendant seeks "documents sufficient to show [Plaintiff's] involvement in each class action lawsuit in which [Plaintiff] served as, or sought to serve as, a class representative."

5

(ECF No. 41 at 9). In response, Plaintiff produced documents from the action styled *Chatlos v. Goli Nutrition, Inc.*, No. 22-CV-62362-AHS (S.D. Fla. 2022), where Plaintiff was a party and the case was dismissed based on a settlement agreement. *Chatlos*, No. 22-CV-62362-AHS (ECF Nos. 22, 37, 39, 40). In relevant part, *Chatlos* involved allegations that Defendant Goli Nutrition Inc. ("Goli") manufactured, marketed, and distributed a health supplement called "Apple Cider Vinegar Gummies," which allegedly promoted health benefits. *See Chatlos*, No. 22-CV-62362-AHS (ECF No. 22). In *Chatlos*, plaintiffs alleged that Goli's ACV gummies were watered-down Vitamin B supplements with an inflated price, providing no health benefits beyond what a consumer could obtain by purchasing a simple (and less expensive) vitamin supplement. *Id.* On their face, the allegations in *Chatlos* resemble Plaintiff's allegations in the instant case. *Compare Chatlos*, No. 22-CV-62362-AHS (ECF No. 22), with Plaintiff's Complaint (ECF No. 1-1). In addition, Plaintiff's counsel (i.e., Hilgers Graben PLLC) is involved in both cases.

Defendant argues that the *Goli* settlement agreement is relevant to Plaintiff's experience as a class representative and to whether Plaintiff should be appointed to represent another class. (ECF No. 41 at 9). Plaintiff opposes disclosure of the *Goli* settlement agreement on various grounds, including irrelevance, and because Plaintiff has already produced documents sufficient to show her involvement in prior lawsuits without production of the actual *Goli* settlement agreement. *See generally* (ECF No. 44 at 6-9).

Based on the alleged FDUTPA claims and defenses in this case, including Plaintiff's intent to seek to certify a class of thousands of consumers, (ECF Nos. 1 ¶ 5, 1-2 ¶ 22), the undersigned finds that the *Goli* settlement agreement is relevant to Plaintiff's adequacy as a potential class representative. Although there is no set standard for determining a representative's adequacy, the adequacy inquiry is designed "to uncover conflicts of interest between named parties and the class

they seek to represent." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003). Further, "basic consideration of fairness requires that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representative at all stages of the litigation where absent members will be bound by the court's judgment." *Id.* at 1254 (citation omitted). This stringent examination is necessary where, as here, a class representative is associated with class counsel. *Id.* at 1255 (reversing the trial court's certification of a Rule 23 class where plaintiff and class counsel had significant personal and financial ties creating a potential conflict of interest). Here, *Chatlos* and the instant case involve: (i) the same attorneys as plaintiffs' counsel; (ii) Plaintiff as a named party; and (iii) similar allegations regarding ACV products and whether the corporate defendants violated FDUTPA. *Compare* (ECF No. 1-1)*, with Chatlos*, 22-CV-62362-AHS (ECF No. 22). These similarities weigh in favor of disclosure during discovery.

To be clear, the Court takes no position on whether Plaintiff may, in fact, be an adequate class representative—those issues are beyond the instant discovery dispute. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 728 (11th Cir. 1987) (the adequacy of class representation is a factual issue that is best left for determination by the district court). Rather, the undersigned's ruling is limited to require production of the *Goli* settlement agreement as relevant and discoverable. *See, e.g.*, *Northstar Moving Holding Co., Inc. v. King David Van Lines*, No. 19-CV-62176, 2021 WL 9794638, at *2 (S.D. Fla. Sept. 27, 2021) (finding settlement agreement relevant to bias and potential damages); *Kadiyala v. Pupke*, No. 17-CV-80732, 2019 WL 3752654, at *4 (S.D. Fla. Aug. 8, 2019) (collecting cases ordering disclosure of settlement agreement where discovery was relevant and proportional); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-CV-

60860, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007) (ordering production of settlement agreement as potentially relevant to impeachment and other trial issues).

Accordingly, Defendant's motion to compel Plaintiff to produce the *Goli* settlement agreement is **GRANTED**. The *Goli* settlement agreement remains subject to the Stipulated Confidentiality Order in this case. (ECF No. 20); *see also Onita-Olojo v. Sellers*, No. 12-CV-62064, 2013 WL 12408994, at *3 (S.D. Fla. Nov. 14, 2013) (granting motion to compel unredacted copy of settlement agreement, which remained subject to confidentiality order).

### D. Attorney's Fees are Not Warranted

Although the Motion is granted in part and denied in part, the Court denies Plaintiff's request for attorney's fees. *See* (ECF No. 44 at 2-3). Defendant's Motion and Plaintiff's response are substantially justified. Accordingly, each party is to bear its own fees and costs.

### III.   CONCLUSION

For the reasons set forth above, Defendant Bragg Live Food Products, LLC's Motion to Compel (ECF No. 41) is **GRANTED IN PART AND DENIED IN PART**. By **March 8, 2024**, Plaintiff must produce to Defendant the *Goli* settlement agreement, which will remain confidential pursuant to the Stipulated Confidentiality Order. *See* (ECF No. 20).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on February 23, 2024.

                                                                                     _____
                                                                                     ALICIA O. VALLE
                                                                                     UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
     All Counsel of Record